ACCEPTED
03-15-00212-CR
4832939
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 4:21:01 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-15-00212-CR

| | | |
|---|---|---|
| MICHAEL JUDE PIRIE<br>Appellant | § | IN THE COURT OF APPEALS |
| | | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| VS. | § | THIRD SUPREME DISTRICT<br>4/9/2015 4:21:01 PM<br>JEFFREY D. KYLE<br>Clerk |
| THE STATE OF TEXAS<br>Appellee | § | SITTING IN AUSTIN |

## MOTION TO DISMISS FOR WANT OF JURISDICTION

This motion is filed by the State of Texas, Appellee, and in support would show as follows:

### I.
### BACKGROUND

Appellant was Indicted for the offense of Evading Arrest or Detention with a Motor Vehicle. Appellant insisted on acting Pro Se. The trial court appointed standby counsel to assist Appellant. A jury was selected and evidence presented. After the jury returned a verdict of Guilty and before evidence was presented in the punishment phase, Appellant accepted a plea bargain offer of 3 years incarceration. Appellant thereon waived his right to trial by jury in writing and signed a judicial confession. A true copy of the plea packet is attached hereto as Attachment 1. Appellant also waived his right to appeal. The trial court filed the Trial Court Certification on Defendant's Right of Appeal certifying that the case was based on a plea bargain and Appellant has

no right to appeal. A true copy of the Trial Court's Certification on Defendant's Right of Appeal is attached hereto as Attachment 2. Appellant thereafter filed his Notice of Appeal Pro Se. Therefore this Court has no jurisdiction to consider the appeal initiated by Appellant. See Tex. R. App. P. 25.1(a)(2), (d).

PRAYER

WHEREFORE, the State prays the Court grant this motion and dismiss this cause for Want of Jurisdiction.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us

By: _____
Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

This is to certify that the pertinent portion of this brief contains 217 words printed in Times New Roman 14 font according to the WordPerfect™ X6 word count tool.

Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by standard mail on the 10th day of April 2015, to Michael Jude Pirie, Inmate #01982650, Reverend C.A. Holliday Transfer Facility, 295 IH-45 North, Huntsville, TX 77320, Appellant Pro Se and to Mr. Nathan Kight, 1008 N. Water, Burnet, TX 78611.

Gary W. Bunyard
Assistant District Attorney



*ATTACHMENT 1*

CAUSE NO. 40555

THE STATE OF TEXAS

V.

Michael Price

§
§
§
§
§
§

IN THE DISTRICT COURT OF

BURNET COUNTY, TEXAS

424th JUDICIAL DISTRICT

## FELONY ADMONITIONS TO THE DEFENDANT

1.    The range of punishment attached to this offense(s) as enhanced, if any, is (check one):

Count _____ (Capital Felony - death penalty waived) confinement in the Institutional Division of the Texas Department of Criminal Justice for life.

Count _____ (Habitual Offender) confinement in the Institutional Division of the Texas Department of Criminal Justice for life or a term of not more than 99 years or less than 25 years.

Count _____ (First Degree Felony + Repeat Offender) confinement in the Institutional Division of the Texas Department of Criminal Justice for life or a term of not more than 99 years or less than 15 years; in addition, a fine not to exceed $10,000 may be imposed.

Count _____ (First Degree Felony) confinement in the Institutional Division of the Texas Department of Criminal Justice for life or a term of not more than 99 years or less than 5 years; in addition, a fine not to exceed $10,000 may be imposed.

Count _____ (Second Degree Felony) confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000 may be imposed.

Count ✓ (Third Degree Felony) confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of not more than 10 years or less than 2 years; in addition, a fine not to exceed $10,000 may be imposed. If the offense was committed before 9/1/94, the punishment may include an alternative confinement of up to one year in a community correctional facility.

Count _____ (State Jail Felony) confinement in state jail for a term of not more than 2 years or less than 180 days; in addition, a fine not to exceed $10,000.00 may be imposed.

Count _____ (12.44 Agreement) For an offense committed after 8/31/95, if the offense is punished under Section 12.44(a) of the Texas Penal Code, the range of punishment is not more than 1 year in the county jail and/or a fine of $4000.00.

Count _____ (Special punishment range) confinement in _____
for a term of _____ and/or a fine of _____.





CASIE WALKER, DISTRICT CLERK
FILED
FEB 11 2015
10:39 AM PM
BURNET COUNTY, TEXAS

2. The recommendation of the prosecuting attorney, if any, is not binding on the Court. The Court will inquire as to the existence of a plea agreement and, if any exists, inform the defendant in open Court before any finding on the plea whether the Court will follow such agreement. Should the Court reject a plea agreement, the defendant will be permitted to withdraw the plea of guilty or no contest. If there is no plea agreement, the defendant has no right to withdraw the plea following sentencing.

3. If the punishment assessed does not exceed the punishment recommended by the prosecuting attorney and agreed to by the defendant and the defense attorney, the trial Court must give its permission to the defendant before the defendant may pursue an appeal on any matter in the case, except for those matters raised by written motions filed and ruled upon before trial.

4. If the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense(s) charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

5. If the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to sex offender registration, the defendant will be required to meet the registration requirements of Chapter 62 of the Code of Criminal Procedure. See attached supplemental sex offender registration admonition.

6. If the Defendant is placed on deferred adjudication, upon violation of a condition of community supervision, the defendant may be arrested and detained. The defendant is entitled to a hearing limited to the determination by the judge whether to proceed with an adjudication of guilty on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision (probation), and defendant's appeal continue as if the adjudication of guilty had not been deferred.

_____
JUDGE PRESIDING

The defendant understands the admonitions given above and is aware of the consequences of the plea.

X _____
DEFENDANT

_____
DEFENDANT'S ATTORNEY

2

CAUSE NO. 40555

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | BURNET COUNTY, TEXAS |
| | § | |
| _Michael Pirc_ | § | 424th JUDICIAL DISTRICT |

## FELONY WAIVERS, CONFESSION, AND AGREEMENT

I, _Michael Pirc_ , the Defendant herein, make the following waivers as to each count of the indictment or information not waived/abandoned by the State of Texas as indicated by his **initials**:

1. _MP_ If the Grand Jury has not returned an indictment, I waive the right to be accused by indictment and agree to proceed by way of information.

2. _MP_ I waive the right to service of a copy of the indictment or information and the time allowed by law to file motions and pleadings thereon and to prepare for trial.

3. _MP_ I waive the right to a trial, including the right to a trial by jury during the guilt innocence phase and a speedy trial.

4. _MP_ I waive the appearance of and confrontation and cross-examination of the State's witnesses, the privilege against self-incrimination (as to guilt and punishment), and the right against double jeopardy.

5. _MP_ I waive the reading of the indictment or information.

6. _MP_ I waive and abandon all motions, pleadings and objections made before the entry of my plea.

7. _MP_ I consent to an oral stipulation of the evidence and testimony and to the introduction of testimony by affidavits, written statements of the witnesses and any other documentary evidence.

8. _MP_ I waive my right to file a post-conviction application for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. This waiver applies to any claim I had knowledge of or any claim that I could have discovered by the exercise of due diligence with the assistance of my attorney. This waiver also applies to any facts, the legal significance of which I should have been able to comprehend and develop on the record had I chosen to do so.

9. _MP_ I waive my right to a motion for new trial.

10. _MP_ I waive any appeal that I could make or pursue in this cause.

X _Michael Dude Pirc_ _____          _____
DEFENDANT                                        DEFENDANT'S ATTORNEY

3

**A plea agreement exists in this cause as follows (and the State agrees to recommend):** THREE (3) YEARS' CONFINEMENT TDC AND A $1000 FINE

If community supervision (probation) in any form is recommended, I understand that the Court has the discretion to impose any reasonable condition of supervision, including confinement in various facilities, treatment, and restitution without violating the plea agreement, if any, unless the plea agreement expressly limits or prohibits such a condition.

If my attorney is appointed by the Court, I acknowledge that I have the ability to reimburse the county for court-appointed attorney fees assessed, either in full or by periodic partial payments, upon release on community supervision or upon release from incarceration.

I, _Michael Pirie_, the Defendant herein, **JUDICIALLY CONFESS** to committing the offense(s) of _evading arrest in a motor_, _vehicle_, and _____

exactly as charged in the indictment or information and to any lesser included offenses of the offense(s) charged in the indictment or information.

I, _____, the Defendant herein, agree to plead **GUILTY** to the above specified offense(s), **TRUE** to all enhancements and special issues, if any, as charged in the indictment or information. By my signature below, I judicially confess to the above offense(s).

I, _____, the Defendant herein, agree that I have the ability to pay all fines, fees, and restitution assessed as a condition of my probation.

_____
**DEFENDANT**

_____
**DEFENDANT'S ATTORNEY**

Sworn and subscribed to before me on the _11th_ day of _February_, _2015_

_Casie Walker / Dec_
_____
Clerk of the Court

4

The State consents to and approves the foregoing.

_____
ATTORNEY FOR THE STATE

The Court consents to and approves the foregoing waivers and consent to stipulation and introduction of evidence.

_____
JUDGE PRESIDING

5



*ATTACHMENT 2*

CAUSE NO. _40555_

| THE STATE OF TEXAS | IN THE 424TH JUDICIAL |
|---|---|
| VS. _Michael Price_ | DISTRICT COURT OF |
| | BURNET COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

___ Is not a plea-bargain case, and the defendant has the right to appeal. [or ]

___ Is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

___ Is a plea-bargain case, but the trial court has given permission to appeal and the defendant has the right of appeal. [or]

✓ Is a plea-bargain case, and the defendant has NO right of appeal. [or]

✓ The defendant has waived the right of appeal.

___ The defendant in this styled and numbered case, after consulting with his attorney, waives his right to file a post-conviction application for writ of habeas corpus pursuant to Article 11.07 and Article 11.072 of the Texas Code of Criminal Procedure. This waiver will apply to any claim the Defendant had knowledge of or any claim the defendant could have discovered by exercising due diligence with the assistance of counsel. The waiver also applies to any facts the defendant should have been able to comprehend the legal significance of and develop on the record had he chosen to do so.

_____          _2-11-15_
**Presiding Judge**                          **Date Signed**

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file pro se petition for discretionary review.

X_____          _____
**Defendant**                                **Defendant's Counsel**

_____          _____
**Mailing address**                          **State Bar of Texas ID Number**

_____          _____
**Telephone number & Fax number**            **Mailing Address**

                                          _____
                                          **Telephone number & Fax number**

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certificate of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(A)(2)

Texas Rule of Appellate Procedure 25.2 (h)Effective 9/2009 & TRAP 25.2(a)(2) Revised 9/30/2011

6